IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN ENGLAND THOMAS,<br><br>                    Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Case No. 3:21-cv-00210-TMB<br><br>**ORDER** |

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff John England Thomas's First Amended Complaint ("Amended Complaint").[1] The Court previously dismissed Mr. Thomas's original Complaint but "grant[ed] [Mr.] Thomas leave to file an amended complaint that properly pleads exhaustion of administrative remedies."[2] The Court now finds that Mr. Thomas's Amended Complaint fails to plead exhaustion of administrative remedies pursuant to the Federal Tort Claims Act ("FTCA"). For the reasons discussed below, the Court **DISMISSES** the Amended Complaint.

## II.    BACKGROUND

Mr. Thomas initially filed this lawsuit in Anchorage Superior Court.[3] Interpreting Mr. Thomas's Complaint to be a tort claim under the FTCA, Southcentral Foundation ("SCF"), removed the case to federal court.[4] Because SCF is considered part of the United States

---

[1] *See* Dkt. 16 (Amended Complaint).

[2] Dkt. 14 at 5 (Order Dismissing Complaint).

[3] Dkt. 1-1 at 2 (Removal Documents).

[4] Dkt. 1 (Notice of Removal).

1

Department of Health and Human Services,[5] the United States is named as defendant in Mr. Thomas's suit against SCF.

SCF then moved to dismiss the case for failure to state a claim upon which relief can be granted.[6] In January 2022, the Court granted the Motion to Dismiss but also granted Mr. Thomas leave to amend.[7] In the Order dismissing the Complaint, the Court directed Mr. Thomas to plead or provide proof that he has exhausted his administrative remedies.[8] Mr. Thomas then filed an Amended Complaint.[9] To show that he exhausted his administrative remedies, Mr. Thomas provided a copy of a police report and a written "complaint" that was hand delivered to the "Attorney General" in August 2019.[10] Mr. Thomas also stated that he "ask[ed his] personal care provider for help . . . and she failed me."[11] The United States has not appeared, and Mr. Thomas has not filed proof of service in compliance with Federal Rule of Civil Procedure 4.[12]

---

[5] Dkt. 14 at 2-3.

[6] Dkt. 7 (Motion to Dismiss).

[7] Dkt. 14 at 5.

[8] *Id.* at ¶ 4.

[9] *See* Dkt. 16.

[10] *Id.* at 7. There is some ambiguity regarding where the letter to the "Attorney General" was delivered. However, Mr. Thomas's Amended Complaint states that "a copy was made at the Attorney General['s] office downtown 4th Ave." *Id.* at 6.

[11] *Id.* at 8.

[12] Fed. R. Civ. P. 4(l).

2

### III. LEGAL STANDARD

District courts must have subject-matter jurisdiction to hear a case.[13] Under the FTCA, courts have subject-matter jurisdiction only after the complainant has exhausted their administrative remedies.[14] The exhaustion requirement in the FTCA is jurisdictional—meaning a district court does not have subject matter jurisdiction unless the exhaustion requirement is met.[15] If "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[16]

In order to properly exhaust, a claimant must file his claims with the appropriate federal agency and either (1) receive "a conclusive denial of the claim from the agency," or (2) wait "for six months to elapse" without a final decision from the agency regarding his claims.[17] Each federal agency has a written procedure for presenting or raising FTCA claims.[18] The exhaustion requirement facilitates the "orderly administration" of FTCA lawsuits.[19] Because the FTCA

---

[13] *See Brownback v. King*, 141 S. Ct. 740, 749 (2021).

[14] 28 U.S.C. § 2675(a) (stating, "an action shall not be instituted upon a claim against the United States for money damages" unless the claimant has *first* exhausted administrative remedies); *see also D.L. by & through Junio v. Vassilev*, 858 F.3d 1244 (9th Cir. 2017) (stating that exhaustion of administrative remedies is required prior to filing an FTCA claim in district court).

[15] *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir.1992)).

[16] Fed. R. Civ. P. 12(h)(3); *see also Brady*, 211 F.3d at 502 (quoting *Jerves*, 966 F.2d at 521) ("Because the requirement is jurisdictional, it 'must be strictly adhered to.'").

[17] *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011).

[18] *See* 28 U.S.C. § 2675(a) (if the federal agency denies or fails to respond to the complaint, the claimant my file suit in federal court).

[19] *McNeil v. United States*, 508 U.S. 106, 112 (1993).

applies to Mr. Thomas's claims,[20] Mr. Thomas must have exhausted his administrative remedies before seeking judicial review.

IV. DISCUSSION

In this case, Mr. Thomas has not shown that he complied with the proper procedure for presenting FTCA claims to SCF. The procedure for presenting claims is established by federal statute: "Claims should be filed on Standard Form 95 (Claim for Damage, Injury or Death) or by submitting comparable written information (including a definite amount of monetary damage claimed) with the Office of the General Counsel, General Law Division, Claims Office, 330 Independence Avenue, SW, Room 4256, Wilbur J. Cohen Federal Building, Washington, DC 20201." [21] Here, although Mr. Thomas reported the alleged incident to the police,[22] the Attorney General,[23] and his "personal care provider,"[24] these reports were not filed with the Office of General Counsel as required by 25 C.F.R. § 900.201.[25] As a pro se plaintiff, the court is obligated to give Mr. Thomas the benefit of the doubt and to construe his pleadings liberally.[26] However, the Court is not permitted to "excuse" such mistakes, even "by those who proceed without

---

[20] Dkt. 14 at 2–3 (SCF is considered part of the United States Department of Health and Human Services).

[21] *See* 25 C.F.R. § 900.201; *see also Brownback*, 141 S. Ct. at 749.

[22] *See* Dkt. 16-1.

[23] Dkt. 16 at 7.

[24] *Id.* at 6, 2.

[25] 25 C.F.R. § 900.201.

[26] *See Jones v. Cnty. Redev. Agency of City of L.A.*, 733 F.2d 646, 649 (9th Cir. 1984); *see also Haines v. Kerner,* 404 U.S. 519, 520 (1972); *see also King v. Atiyeh* 814 F.2d 565, 567 (1987); *overruled on other grounds by Lacey v. Maricopa Cnty*, 693 F.3d 896 (9th Cir. 2012).

counsel."[27] Because Mr. Thomas has not shown that he properly exhausted his administrative remedies as prescribed in 28 U.S.C. § 2675(a) and 28 C.F.R. § 14.2, the Court finds that it does not have subject-matter jurisdiction over his claim and must dismiss this action.

## V. CONCLUSION

The Court does not have subject-matter jurisdiction to hear this case because Mr. Thomas has failed to show that he exhausted his administrative remedies.[28] For the foregoing reasons, the Amended Complaint at Docket 16 is **DISMISSED with prejudice** for failure to state a claim on which relief may be granted. A "dismissal with prejudice" forecloses the plaintiff from filing further suit on this claim.[29] The Clerk of Court shall issue a judgment consistent with this Order.

Dated at Anchorage, Alaska, this 16th day of June, 2022.

 /s/ *Timothy M. Burgess*
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[27] *See McNeil*, 508 U.S. at 113.

[28] *See* 28 U.S.C. § 2675(a); *see also McNeil*, 508 U.S. at 111–12.

[29] *Dismissed With Prejudice*, Black's Law Dictionary (11th ed. 2019).